UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH RICKENBACKER,

                Petitioner,

-against-

SUPERINTENDENT LA MANNA,

                Respondent.

21-CV-6478 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently incarcerated at Five Points Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his 2016 conviction in the New York Supreme Court, Sullivan County.[1] For the reasons set forth below, the Court directs Petitioner to show cause, within thirty days of the date of this order, why the petition should not be denied as time-barred.

## DISCUSSION

**A.   Timeliness**

      Petitioner's application may be time-barred. A prisoner seeking *habeas corpus* relief under section 2254 generally must file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

---

[1] Petitioner paid the $5.00 filing fee for this action.

Petitioner alleges that he was convicted, pursuant to his guilty plea, on November 28, 2016, in the New York Supreme Court, Sullivan County. Subsequently, the New York Supreme Court Appellate Division, Third Department, affirmed the conviction on January 31, 2019, *People v. Rickenbacker*, 90 N.Y.S.3d 920 (2019), and the New York Court of Appeals denied leave to appeal on March 20, 2019, *People v. Rickenbacker*, 33 N.Y.3d 953 (2019).[2] Petitioner's conviction consequently became final on June 19, 2019, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). Petitioner placed this petition in the prison mail collection box on April 28, 2021, nearly two years after the judgment of conviction became final.[3]

When postconviction motions are filed before the statute of limitations expires, those motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

---

[2] Petitioner states that the decision of the New York Court of Appeals denying him leave to appeal was not "delivered to Petitioner until February 26, 2021, and received March 3, 2021." (ECF 1 at 2.)

[3] The United States District Court for the Western District of New York received the petition on May 26, 2021, and in July 2021, transferred the petition to this Court. *See Rickenbacker v. La Manna*, No. 21-CV-674 (LVJ) (W.D.N.Y. July 27, 2021) (ECF 4).

Here, Petitioner alleges that he filed several postconviction motions in the New York state courts. Petitioner states that on April 12, 2021, he filed a motion under Criminal Procedure Law § 440.10 that remains pending. Petitioner also states that he filed a grievance on November 2, 2020, with the Appellate Division, Third Department, against his defense counsel. And in August 2020, Petitioner filed a motion for the return of property ($1300 in cash and two cell phones), arguing that this property is unrelated to the charges of which he was convicted. Petitioner's postconviction motions in the New York state courts do not appear to have tolled the limitations period because the motions were filed after the one-year limitations period for bringing a section 2254 petition expired. *See* 28 U.S.C. § 2244(d)(2).

Petitioner is directed to show cause within thirty days why this application should not be dismissed as time-barred. Petitioner may do so by using the attached declaration form. Petitioner should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition.[4] *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

**B.    Exhaustion**

A state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under section 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509,

---

[4] Petitioner should also state: (1) the dates that all postconviction applications in state court challenging this conviction were filed, including any petition for a writ of error *coram nobis*, all motions under N.Y. Crim. P. L. § 440, and any other postconviction applications, (2) when any postconviction applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state court decisions on those applications and appeals. *See* 28 U.S.C. § 2244(d)(2).

510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with Petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a complete round of the state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

In resolving Petitioner's direct appeal from his conviction, the Appellate Division, Third Department, noted that "Defendant's sole contention is that the sentence imposed was harsh and excessive in light of, among other things, his history of substance abuse and dependence. This claim, however, is foreclosed by defendant's unchallenged appeal waiver." Rickenbacker, 90 N.Y.S.3d 921.

In this section 2254 petition, Petitioner raises, among other things, the following grounds for relief: the indictment was "false"; grand jury documents were unsigned; the evidence was insufficient to support Petitioner's guilty plea; he was not "in possession" of a weapon at the time of his arrest; he was improperly charged with seven offenses instead of one when he was arrested while out on bail because officers from the Fifth Precinct have a vendetta against Petitioner and his family; he was denied his speedy trial rights; his rights against double jeopardy were violated; and trial counsel and appeal counsel were constitutionally ineffective.[5] It appears from the allegations in the petition, however, that Petitioner has not presented these grounds for relief through one complete round of state court review.

---

[5] Several pages of the petition are illegible.

Accordingly, if Petitioner submits a declaration regarding the timeliness of his petition, he should also clarify which of his grounds for relief have been fully exhausted in the state courts.

## CONCLUSION

The Court directs Petitioner to show cause, by filing a declaration within 30 days of the date of this order, why the petition should not be denied as time-barred and whether his grounds for relief have been exhausted. For Petitioner's convenience, a declaration form is attached to this order. The declaration must be submitted to the Court's Pro Se Intake Unit and bear the docket number 21-CV-6478 (LTS). If Petitioner submits a declaration, the Court will review it, and if proper, order that the petition be served on Respondent. If Petitioner fails to submit a declaration within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied as time-barred. No answer will be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   August 2, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| _____ | _____ |
| Executed on (date) | Signature |

| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |

| _____ | _____ |
| Address     City     State     Zip Code | |

| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |